Your Honors, this case is controlled by the Civil Asset Forfeiture Reform Act, better known as CAFRA. And in CAFRA, by passing it, and enacting CAFRA, Congress codified certain due process protections for owners of property. And in that section that's relevant to this case, it's section, Title 18, United States Code Section 983A1A. And in that, Congress provided the government with three options regarding the seizure of property which initiates administrative forfeiture proceedings or nonjudicial forfeiture proceedings. Once the property is seized, and which initiates the administrative proceedings, the government can either send notice of those proceedings within 60 days, or, and which continues the administrative proceedings, or institute a different action, a judicial action, and convert it essentially from the administrative to the judicial action, but must do so within those same 60 days from the date of the seizure. Or a third option is to, if there's a criminal case and an indictment with a forfeiture allegation, the government can continue the civil administrative proceedings which requires the notice, the 60-day notice. Now, if they had returned the motorcycles because they hadn't met the 60-day requirement, there would be nothing that would stop them from immediately starting a judicial proceeding, is that correct? If they returned it within the 60 days, the court … No. The 60 days has come and gone. Right. But they discovered that they goofed up. So they give the motorcycles back. And then the next day, they start a judicial proceeding. They can follow a judicial proceeding at any time up to five years. Yes. So what's happened here is when it was called to attention, after a certain further lag, they started the judicial proceeding. So isn't it almost ridiculous to say you have to return the motorcycles, but we get them back tomorrow? No, they can't come back and seize them right again. They had the seizure. They had the opportunity to seize the property. And if they wanted to follow judicial action directly and then go seize the property, they could do it that way. They had a choice. I understand that. Right. But what's happened here is that I think, according to your answer, they could return the motorcycles, and then the next day start a judicial proceeding. They could follow a judicial proceeding, but the court has ordered they return the motorcycle. That's correct. But under the court's question, the government can continue to do that over and over again without any due process, without any notice to the owners of the property. And that's what the whole purpose of Caffer's case is. Well, if they start a judicial proceeding, they have to get notice. They have to get notice. But what they can do is they can follow a judicial proceeding. They can follow a seal. But they can file it. They can wait 120 days to serve it. But if it's filed under seal, they can wait indefinitely. Or they can get continuances or extensions from the court for the notice. Right now. So they could wait a year before notice. Okay. Do you concede that right now, if they return the motorcycles, they could immediately start the judicial proceeding? Well, they have in this case. Yes. In a hypothetical. But they did not return the motorcycles first. It doesn't matter at what point they return the motorcycles. They could, for example, they could seize the motorcycles. They can miss the notice deadline. And then the government files a judicial complaint. Now, in your mandamus action, what are you asking? That the motorcycles be returned. We're asking for the court to comply with 981A1F, which is that the motorcycles must be returned pending the litigation, pending the civil force direction, which could take years now because of the state pending the criminal action. Which means the motorcycles are now deteriorating. But you're saying to us that they couldn't keep the motorcycles? No, no. 981F says they have to return the motorcycles pending the civil forfeiture, the judicial civil forfeiture action. Absolutely. That's what, otherwise there's no meaning to 981A1F. It says they have, the court, the government must return the motorcycles if the notice is not sent within the 60 days. Yeah. But could they then seize the motorcycles when they start the judicial proceeding? No, because they had already been seized. They were seized once. They missed the deadline. So they cannot re-seize them. Well, what's your case that says that they can't seize them again? It's not a case. This is a case of first impression. It's 981A1F that says they must return them. Otherwise, there's no meaning to 981A1F. If Congress requires them, the government, to return the motorcycles, but the next day they go and grab them again, then there's no point in having 981A1F. It's meaningless. Now, the law is supposed to, if there's no case, if you grant mandamus, the law is supposed to be clear. It's the statute that's clear. There's no case law, but the statute is crystal clear that they have to return the motorcycles. Period. And pending the litigation, pending the court's proceedings. Does it say pending? Yes, it does. It says, 983A1F says, shall return the property without prejudice to the right of the government to commence a forfeiture proceeding at a later time. Exactly. So they could, that means the government can turn around later the same day and start a forfeiture proceeding. A forfeiture proceeding. That's it. It doesn't say that they can receive the motorcycles under some other. What do you think forfeiture means? Forfeiture means an attempt to have the motorcycles forfeited to the government or that the government can keep them. Except that there's a specific statute that subjects property that's used in drug crimes to seizure that would go hand-in-hand with the civil forfeiture proceeding. Yeah, 983 is the procedural statute. So why couldn't they re-seize the motorcycles? They hand them to you and say, they're yours for five minutes, but right now we're filing this other action and we're taking them back. Because 983 is the procedural statute for the statute you're thinking of, which is 21 U.S.C. 881. 881 says here's the grounds for forfeiting the motorcycles, but 983 is the statute Congress enacted that controls how these forfeiture proceedings should proceed. And Congress put in a section specifically that says due process is required. And due process means, in this case, in forfeiture proceedings, 60 days, the government has 60 days to send notice. If the government does not send notice in 60 days, then there's a penalty, and that's return of the motorcycles without prejudice to the government to continue a judicial action or file a judicial action. But obviously, it would rather... That's your interpretation. Is it the only interpretation? There are the sorrow case out of the 11th Circuit that says that there was no bar for the court to order the return of the motorcycles pending the judicial forfeiture action. The court did not say it must, but said there's no bar for it. But otherwise, there's no meaning to 818. There's no teeth in A1F, 983A1F, because it says you have to return the motorcycles. Well, ultimately, in the civil proceeding, you could obtain the return of the motorcycles, correct? I mean, you could win. You could win the case, yes. Okay. Mandamus requires that there be no other available means to achieve the relief that you seek. Why doesn't that suggest that mandamus relief is not appropriate? I think the language in the cases for mandamus is no adequate revenue or adequate relief. In this case, the motorcycles are going to be sitting, because of the state criminal forfeiture case, sitting for probably up to four years. Well, the same could be said of money. You know, somebody's got my money, and they're making the interest on it, and I need it, and, you know, but we. . . But there's a difference between money and motorcycles. Money does not deteriorate. That's subject to the value. Yeah. But motorcycles are physical items that, if they're not started and run, the casings go back. They deteriorate. They have to be maintained. The chrome has to be polished. Otherwise, the motorcycles are automatically right now losing value as we speak. And these, the owners of the motorcycles, a lot of them are paying monthly notes to a finance company. So they're paying out money every month. They're losing money because they don't own their motorcycles. And they have to find other transportation also. So they're spending money. They're losing money every minute that the government is controlling or possessing their motorcycles. I believe I've gone over my first ten minutes. If there's any other questions at this moment. All right. Thank you. Thank you. Who's. . . Good morning. Good morning, Ron. Who's maintaining the motorcycles? The motorcycles are being maintained by the United States Marshal Service, which is the custodian of the assets. I'm sure they're oiling them and running the motor and everything every day. They're being maintained by a professional contractor that stores and auctions motor vehicles at all times. They are being properly maintained. I'm Assistant United States Attorney Stephen Arwok for the government, by the way. I'd like to start with the questions that the court addressed to the petitioners. And with respect to this issue of re-seizure, the district court, Judge Cooper, did find properly that even if these motorcycles had to be returned, they could be immediately re-seized pursuant to another statutory provision, a separate statutory provision. That provision is 18 U.S.C. Section 981B2A, which provides specifically seizures pursuant to this section. And the action here, the civil forfeiture action, was brought pursuant to both 21 U.S.C. 881 and 18 U.S.C. 981. 21 U.S.C. 881B incorporates the provision I'm about to read to you from 981, which says, Seizures pursuant to this section shall be made pursuant to a warrant, except that a seizure may be made without a warrant, if a complaint for forfeiture has been filed in the United States District Court and the court issued an arrest warrant in REM pursuant to the supplemental rules for certain admiralty and maritime claims. As a matter of course, when a civil forfeiture action is filed, the clerk issues an arrest warrant in REM. And that arrest warrant in REM takes the place of whatever the authority is for the government maintaining seized property up to the point that the civil forfeiture complaint is filed. That arrest warrant in REM takes the place of it, perfects the court's jurisdiction over the asset, and allows the government to maintain custody. So the answer to your question, Judge Fletcher, is yes. If the government were to get the motorcycles back and then file the civil complaint for forfeiture, they would obtain an arrest warrant in REM and could immediately re-seize, without a warrant, well, pursuant to that warrant, they could immediately re-seize the motorcycles and hold them thereafter on that basis. Shouldn't there be some punishment for the government acting so improperly? I don't think so. I don't think that was an issue. Well, you certainly concede that the government could behave better. No, and I don't. And I'll tell you why. This was not a situation where the government made a mistake or the government missed the deadline. Administrative forfeiture proceedings, CAFRA, the Civil Asset Forfeiture Reform Act, was not passed in a vacuum. It didn't ñ it wasn't a new ñ it didn't create a statutory scheme. It reformed an existing statutory scheme. And prior to its existence, there's always been nonjudicial forfeiture, also known as administrative forfeiture, because it's handled by the agency. But you're supposed to give notice. Correct. But administrative forfeiture is not mandatory. It's ñ nowhere in the U.S. Code or anywhere else is it mandatory that the United States use the tool of administrative forfeiture. Indeed ñ But they did. Not in this case we didn't. And the reason it wasn't done in this case was explained in the brief. These seizures were made, and many of these motorcycles that are in the civil forfeiture case belong to charged defendants in the Mongols' criminal case. The government knew from the very beginning that there was going to be that mix. There would be some defendant motorcycles, some defendant's motorcycles, and some non-defendant's motorcycles. The idea was never we're going to delay forever. But the idea was we know we're going to file a civil complaint against all of these motorcycles at some point. So rather than do administrative forfeiture proceedings in which we knew claims would be filed, we're just going to wait until we know what the universe is that we're going to go after, and then we'll file our civil complaint. But you did seize the motorcycles. We absolutely did. And notice of those seizures was given at the time that they were seized. This notice provision, this 60-day notice provision, it isn't a notice of seizure provision. It's a notice of the commencement of nonjudicial forfeiture proceedings. I would point out that in Section 983, there are four subsections to 983A. A1, which is where the 60-day provision is, has to do with the giving of notice in nonjudicial forfeiture proceedings. Let's say these motorcycles, let's say, for example, that one of these motorcycles was worth more than $500,000. It's a million-dollar motorcycle. The government cannot do administrative forfeiture proceedings against an asset that's worth more than $500,000. So you can't do it under the statute, 19 U.S.C. Section 1607. So in the instance of large-value personal property, the government can never do administrative forfeiture. Congress had to know that. Well, I guess I'm not quite clear on how this all happened. You seized the motorcycles. Yes. And you gave notices as though it were an administrative procedure at that time? There's two separate types of notice. There's a notice of seizure. Yes. And all that is is that when the motorcycles are seized, the agency provides the person from whom it's taken with a piece of paper saying, here's who I am. I'm with the federal government, and I'm taking this thing from you, and here's why I'm taking it. And they give them that. Okay. The notice of administrative, the commencement of administrative forfeiture proceedings is completely different. That is a piece of paper that says the government has decided that it's going to try and keep this item that we took from you without going to court. We're just going to keep it, unless you say you want to argue about it. Now, you're saying then that they can seize the motorcycle, give them a receipt saying, yeah, we got your motorcycle, we're the United States government, and then delay giving the judicial, the notice of a judicial proceeding for as long as they want? No, I'm not saying that at all. I'm saying that they don't have to give, that the government doesn't have to file a judicial case within 60 days. No, I'm not saying that, but within the time, how long do they have after they've seized the motorcycle? Forever? Forever. The statute doesn't say. The statute, all the statute says is if the government opts to commence administrative forfeiture proceedings, and in the overwhelming majority of seizures, that's what the government does. It's very rare that the government does what it did here. If you're going to do administrative forfeiture proceedings, you have 60 days to initiate that and send notice. Then the claimant has 35 days to file a claim. And if the claimant files a claim in the administrative proceedings, the government has 90 days from that date to file a complaint. That whole system, if the claimant uses this entire period, that's 180, I believe it's actually 210 days, it's 180 days if the whole system goes into play. But the point is, there are situations where the government cannot do administrative forfeiture proceedings, and it's not mandatory that the government do administrative forfeiture proceedings. The statute doesn't say what the deadline is in those two situations. Am I suggesting that there is no deadline? Absolutely not. Was the civil forfeiture proceeding commenced within 180 days? Here it was commenced on the 149th day after seizure, yes. So it was commenced within 150 days. So had it been done under the nonjudicial system, it would have been timely there, too, but for this extra notice that would have been called for? Yes. Had the government given the notice, had the government initiated, opted to initiate administrative proceedings, it would have been done within 60 days, depending on how quickly the claimants filed their claim. Let's assume they filed it on the first day, on the 61st day. The government would have had an additional 90 days to file a complaint or 151 days. But, again, the constraint on the government with respect to the timing, where there's no administrative forfeiture proceedings, is the same constraint that existed prior to the passage of CAFRA, and that's a basic due process. So I take your mandamus argument to be, number one, you're right on the law. Number two, if you're wrong on the law, it at least wasn't clear in favor of your opponent. But what is your position with respect to harm? The argument was made that there's no adequate remedy in the civil proceeding. Well, there are three adequate remedies, and the first one is the most important. Procedurally, this was a little strange the way it developed. The petitioners filed their motion for return of property, which the district court properly treated as a civil action for equitable relief. After that, the government filed a separate, under a separate case number, civil forfeiture case against the motorcycles. The government then moved to dismiss the original action, the motion for return action, on the ground that it was improper because the civil forfeiture action had been filed. The petitioners filed this four-part sort of omnibus opposition, and they filed it in both cases. And they moved to consolidate the two cases, they moved to dismiss the forfeiture case, and they moved separately in the civil forfeiture case for the return of the motorcycles. The district court, in a single order, also filed in both cases, granted the government's motion to dismiss the return of property case. That, right there, gave the petitioners a right of direct appeal. They could have appealed the dismissal of that motion for return of property case. And for whatever reason, they didn't do that. Instead, they sought a written mandamus in the civil forfeiture case. Now, first of all, as the case is made clear, mandamus is never an alternative for direct appeal. They had an opportunity to file a direct appeal in the motion for return case, and they didn't do that. Secondly, they had the opportunity to seek a legal remedy in the context of the civil forfeiture case, which they're doing. That case is pending right now. Third, there was a specific provision in Section 983. It's 983F. And the purpose of that provision, it's a hardship provision. And in that provision, Congress said, if you are going to suffer a hardship because the government is holding your property during a pending civil forfeiture action, here's what you need to do. You need to petition the court. And if you can prove these elements that are listed in 983F, then the court can order the government to give you your property back under certain conditions. Or under no conditions. It's up to the court. The petitioners have never made a request like that in the context of the civil forfeiture case. So that's another legal remedy that is available to them short of a written mandamus. So there are at least three reasons. Now, with respect to the harm, the argument I would make with respect to the harm is we don't know what the harm is because they haven't tried to get the motorcycles back under 983F. And if they did try to get the motorcycles back under 983F, the district court would have had an opportunity to consider those elements and to consider those arguments and to develop a record so that, I suppose, then they would maybe try to bring another written mandamus. I guess the point is there's always harm, as the court pointed out. In any forfeiture case, it's harmful, presumably, to anyone to have their property taken from them and held while judicial proceedings depend. But I couldn't find a single case where that factor was enough to justify a written mandamus to address that issue in the immediate, with this sort of immediacy. And arguably the reason for that is because Congress has provided a specific legal remedy in the section for how to do that in the context of the civil forfeiture case. And that's what they should do. I do want to point out how important it is to look at, obviously, it's important to look at the statute that we're talking about here in the context of the 60-day notice. The 60-day notice that the petitioners complain of is not a 60-day notice to file a complaint. The subsection A in section 983 is broken into four subparts. Subpart 1, which is the part that contains the 60-day notice requirement, deals exclusively with nonjudicial forfeiture proceedings. Subsection 2 deals exclusively with filing a claim in administrative forfeiture proceedings. Subsection 3 deals exclusively with the government's requirements to file a complaint in the timeline in which that has to happen. And subsection 4 deals with filing of a claim and answer in a judicial complaint. It is inappropriate and it is not consistent with the statute to suggest that the part 1 that deals exclusively, it says at the very beginning, in any nonjudicial forfeiture proceeding, notice shall be given within 60 days. It's inappropriate to read that statute to say that the government has to either do this or file a complaint because filing a complaint is dealt with later in that same subsection. And in that same subsection, the government is given an additional 90 days. The question here is limited to are these Petitioners entitled to get their motorcycles back while the civil forfeiture case is pending? And the answer to that question, under the clear language of the statute, is no, because the statute doesn't say that. It says they get it back if the government begins nonjudicial forfeiture proceedings and doesn't give the notice. But that didn't happen here. The government did not initiate nonjudicial forfeiture proceedings. So it wasn't required to give notice. But even if it was, once the complaint was filed, there was a separate statutory basis that I mentioned earlier, 982. This provides a separate statutory basis for seizing and maintaining the property pursuant to the arrest warning law. And the government is allowed to continue to hold it on that basis. All right. All right. Thank you very much. Your Honors, what the district court and the government has completely ignored is Section 983A1A2. And what happens is these cases are either administrative or they're judicial. They're not nothing. So every case starts administratively upon a seizure. If the government files a judicial complaint within the 60 days, that converts the case into a judicial action. And 93A1A2 says no notice is required, no administrative forfeiture notice is required if before the 60-day period expires, the government files a civil judicial forfeiture action. And I don't know why the government hasn't addressed that. Well, I know why the government hasn't addressed that section because that's the controlling section, statutory section of this case. Either they continue administratively or they file a judicial complaint within the 60 days. Now, one thing that the government said was totally incorrect says that there's no requirement for administrative forfeiture proceedings. Well, the section the government cited, which was Title 1906, Code 1607 in their brief, actually provides for mandatory administrative forfeiture proceedings. And that's what I was talking about. Every case starts administratively. It says in that section, notice of seizure is required if the value of the property is less than $500,000. So that's mandatory. And then you have to choose, okay, send the administrative forfeiture notice or file the complaint. They did send the notice of seizure, I guess. No, no. All they did was give them a receipt. Here. We took your buy-and-seize receipt. It doesn't say what action we're going to take. It doesn't say the legal authority for the seizure. That's what the notice of commencement of civil forfeiture or administrative forfeiture is. Well, you would have, it seems to me, a very strong case if there had been no action initiated because then the government would have seized the property and it would just be sitting there. But once the civil forfeiture proceeding was commenced and there is statutory authority for seizing the property, you know, there may be some action for damages for having held it for two weeks or whatever before that happened when it shouldn't have happened. But I don't understand how that entitles you to get them back now. Well, there's no reason for the existence of 981A1X at all, which says the government has to return the property. Well, you're saying they have to be held accountable. My suggestion is, well, maybe there is a way to hold them accountable if you can demonstrate that you were damaged by not having them between day 60 and day 149. But once the civil forfeiture action begins, I just don't understand how you believe that you have entitlement to them immediately until that proceeding concludes. Once the civil forfeiture action begins, and we have to apply it to this case, and this is what the mundane is about. In this case, the court had control of all the property. It still maintains control of all the property. In this case, the government didn't send a notice. The court can issue an order now for preservation of the property pending the litigation, an order that the property insurance be maintained on the motorcycle or a loan be placed on the vehicle, and that's in the section. That's in Section 983. But in this case, the court has control over those motorcycles, and always did upon filing a complaint. So the court is obligated to return the property. Now, this is also a case of – I just don't follow that. I'm sorry. I just don't follow that. Assume that the property had never been seized until the day that the judicial complaint was filed. Would you have an argument that the motorcycles had to be returned to you right now? But that's a different section. It's a yes or no question. Yes, under a different section of Section 983. You'd have a right to them right now, even if there had never been this initial seizure? No, no, no. Under Section 983.A.1.2, if the government files a judicial complaint first without a seizure and waits until it files a complaint, that's provided in 981.A.1.2. You're saying they can't seize the motorcycles even at that point, in your view? Yeah. Exactly. They can't. They can just seize – I'm sorry. Under 981.B, which the government cited, the government can leave the motorcycles out there. And then under 981.A.1.B, which is a particular section that's not – that offers an alternative to 983 when it's not seized first, under that section, which is an alternative, the government can file a complaint and then go get a warrant of arrest or a seizure warrant. Okay. That's where I was trying to get you. They can do that. So there's a method by which the government can start the judicial proceeding, seize the motorcycles, and you have no basis for an immediate return. Correct. So that's why I don't understand, regardless of what went wrong previously, how that translates into getting the motorcycles. That defeats the whole purpose of the Civil Asset Forfeiture Reform Act. That's a separate preexisting statute that says the government can file a complaint first, then go out and look for the property and seize it on a warrant of arrest. In this case, the government did a whole different format, which is they seize the property first, which then kicks in 983. I understand your argument now. Okay. We're operating under two different statutes. Did you move under 983.S for immediate release of the motorcycle? No, Your Honor. That's a – first of all, we didn't even get to that stage because the government didn't comply with the notice requirement and return of the property within 60 days. So that remedy is not available to you? That remedy will be available. The case is stated right now, but the remedy could be available. The problem with that section is it's totally discretionary by the court. So the court can, even if the defendants or the claimants in this case who are not defendants in the criminal case. So if that's the case, if it's discretionary, then the result is not clear and indisputable, in which case mandamus is not appropriate. But see, that's not an adequate remedy then. The remedy is that the government – we're talking about two different things, due process, which is written into the statute, codified, and a discretionary function by the court to determine whether someone is suffering and needs a hardship, needs their vehicle to conduct their business. And there's very specific requirements, like conducting a business or things like that, that you need a motorcycle for that. But that's – it doesn't take into consideration the motorcycle. You've answered my question. I just have one question for the government. Here's my question to you. Is the effect of 18 U.S.C. in 1983, whether it compels return of seized property, is that an issue that can be raised on direct appeal? I believe, Your Honor, it could have been raised in a direct appeal of the district court's dismissal of the motion for return of property. Do you have the authority for that? I do not have any specific authority, nor do I have any authority that it could not. The only issue in the motion for return of property, as the district court noted in its June 11th order, the only issue there was whether the petitioners were entitled to the return of their motorcycles because of the violation of the 60-day deadline. So had the petitioners pursued a direct appeal of the final order dismissing that case, I'm not sure what – It was the only issue before the court. It would have been the only issue before the court on direct appeal. That's the same issue that's – So the answer is yes. Yes, I believe the answer is yes. That is a matter that they could have directly appealed in the motion for return case. I can answer that. The answer is no, actually. And the court, in its order, recognized that. The court recognized that once a judicial forfeiture action has been filed, then there's no remedy allowed anymore for – under Rule 41 because the court now has jurisdiction on the forfeiture case. So that – there's no – we could appeal all we want, but the case law is well established that once the forfeiture action has been filed, there's no remedy. So we couldn't appeal, but we're wasting our time because it's an automatic loser because we can only then take our – seek relief in the civil forfeiture action. And the government cited that in its briefs in the lower court, and the court issued that observation in the order. So there is no direction. The only action we have to seek relief is the forfeiture action, which has been stated definitely. All right. Thanks. Thank you. I appreciate the expertise of both sides here. And the court will recess until 930 tomorrow morning. All rise. This court is adjourned.
judges: Fletcher B. , Pregerson, Graber